# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ROLAND ANDREWS
ADC #089696                                                                                                   PLAINTIFF

V.                                    5:09CV00366 SWW/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                                 DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the
        United States District Judge was not offered at the hearing before the

   Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

   Clerk, United States District Court
   Eastern District of Arkansas
   600 West Capitol Avenue, Suite A149
   Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, Roland Andrews, a prisoner in the East Arkansas Regional Unit of the Arkansas Department of Correction, has commenced this § 1983 action alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.[1]

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

  The Court is mindful that when making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the

**II. Discussion**

In his Complaint, Plaintiff alleges that Defendants are failing to comply with a Settlement Agreement he executed on November 20, 1997, in the case of *Andrews v. Norris*, 5:97CV00083 HDY. *See* docket entry #2.

To state a claim for relief under § 1983, a plaintiff must allege facts showing that defendants deprived him of a right secured by the federal Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). A settlement agreement is a private contract between two or more parties, and a "simple breach of contract does not rise to the level of a constitutional deprivation." *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446 (8th Cir. 1995); *see also Williams v. Halford,* Case No. 00-1360, 2001 WL 59049 (8th Cir. Jan. 25, 2001) (unpublished opinion) (clarifying that a breach of contract claim is a matter of state law).

Thus, Plaintiff has failed to state a viable § 1983 claim. In order for Plaintiff to pursue this claim, he must either file: (1) a Motion to Enforce the Settlement Agreement in *Andrews v. Norris*, 5:97CV00083 HDY; or (2) a breach of contract action in state court.

**III. Conclusion**

IT IS THEREFORE RECOMMENDED THAT:

1. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, this § 1983 action be DISMISSED, WITH PREJUDICE, for failing to state a claim on which relief may be granted.

---

Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

    2.    Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).

    3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 24th day of November, 2009.

                                    /s/ J. Thomas Ray
                                  UNITED STATES MAGISTRATE JUDGE